IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.  No. 4:06CR00082 JLH

JACKIE E. PORCHAY and
HAROLD JEROME KELLEY

**OPINION AND ORDER**

Jackie E. Porchay has filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). The Court held a hearing on the motion on June 22, 2007. For the following reasons the motion is denied.

**I.**

Porchay was indicted in connection with a cocaine conspiracy in which Harold Jerome Kelley was also indicted. A second superseding indictment was handed down in October 2006 charging both Porchay and Kelley with conspiring to distribute cocaine. In addition, the second superseding indictment included a forfeiture allegation under 21 U.S.C. § 853 seeking the criminal forfeiture of a 2000 Honda Accord, a 2004 Suzuki motorcycle, $2,000 in U.S. currency seized from Porchay's safety deposit box, and $191,712 in U.S. currency, as well as "any property . . . derived from . . . the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission" of the charged cocaine conspiracy. Kelley pled guilty to the cocaine conspiracy on February 13, 2007. As part of his plea agreement, Kelley warranted that he was the sole owner of the Accord, the Suzuki, the $2,000 in U.S. currency, the $191,712 in U.S. currency, and a 2004 Cadillac Escalade seized by the United States in 2007. At his sentencing, Kelley reaffirmed that he was the sole owner of that property. Kelley agreed to forfeit his interest in that property.

On April 13, 2007, the Court entered a preliminary order of forfeiture regarding the Accord, the Suzuki, the Escalade, and the $2,000 and $191,712 in cash. That order stated:

> 7. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21 U.S.C. §853(n)(2).
>
> 8. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).
>
> * * *
>
> 11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. 853(n)(2) for the filing of third party petitions.

A Notice of Forfeiture was also entered on April 13, 2007. The notice was sent to Larry Jarrett, Porchay's attorney.[1]

The government dismissed the indictment against Porchay on May 16, 2007. Porchay filed her motion for return of property on May 17, 2007. She seeks to recover the cash, the Accord, the Suzuki, and the Escalade.

## II.

Because a preliminary order of forfeiture has been entered in this case concerning the Accord, the Suzuki, the Escalade, and the cash, 21 U.S.C. § 853(n) provides the exclusive procedure through which Porchay may attempt return of that property. *Libretti v. United States*, 516 U.S. 29, 44, 116 S. Ct. 356, 365, 133 L. Ed.2d 271 (1995) ("Once the government has secured a stipulation as to

---

[1] An Amended Preliminary Notice of Forfeiture was entered on June 20, 2007. The amended order contained paragraphs 7, 8, and 11 identical to those above. The amended order was sent to Jarrett.

forfeitability, third-party claimants can establish their entitlement to a return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n)."); *see also United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005). Section 853(n) describes how third parties may assert their interests in the property subject to forfeiture. According to § 853(n), a third-party petitioner may prevail in a proceeding against the United States to seek return of property subject to forfeiture only upon showing, by a preponderance of the evidence, that she possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place, or that she was a bona fide purchaser for value. 21 U.S.C. § 853(n)(6). At the hearing on Porchay's motion for return of property, Porchay, through her attorney, conceded in open court that she does not have an ownership interest in the property that she is seeking. Because of that admission, as a matter of law she cannot show that she "has a legal right, title, or interest in the property" or that she was "a bona fide purchaser for value of the right, title, or interest in the property." *Id.* Porchay's motion for return of property is therefore DENIED. Document #224.

      IT IS SO ORDERED this 22nd day of June, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

3